Citation Nr: 1527817 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 13-34 089A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to Waiver of Premiums on Service-Disabled Veterans Insurance (RH) under Title 38, U.S.C. 1912(a) and 1922(a).


ATTORNEY FOR THE BOARD

Cheryl E. Handy, Counsel


INTRODUCTION

The Veteran served on active duty from June 1967 to April 1969, including service in the Republic of Vietnam.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in August 2012 of the Department of Veterans Affairs (VA) Regional Office and Insurance Center (RO) in Philadelphia, Pennsylvania.


FINDINGS OF FACT

1. The Veteran was granted a 100 percent disability rating for posttraumatic stress disorder (PTSD) in a decision issued in June 2012, with an effective date of October 31, 2008.

2. The Veteran first applied for Service-Disabled Veterans Insurance (RH) in July 2012, and requested a waiver of premiums.


CONCLUSION OF LAW

The claim for waiver of premium for Service-Disabled Veterans Insurance (RH) must be denied by operation of law. 38 U.S.C.A. §§ 1912, 1922 (West 2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Pursuant to VCAA, VA has a duty to notify and to assist the claimant. See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). 

The United States Court of Appeals for Veterans Claims (Court) has held that the statutory and regulatory provisions pertaining to VA's duty to notify and to assist do not apply to a claim if resolution of the claim is based on statutory interpretation, rather than evaluation of the factual evidence. See Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001).

In this case, the appeal involves the application of the provisions of 38 U.S.C.A. §§ 1912 and 1922 regarding the requirements for entitlement to waiver of premiums. VA in this case does not have a duty to notify the Veteran of the evidence needed to substantiate his claim, or to assist him in obtaining that evidence, because no reasonable possibility exists that any assistance would aid him in substantiating the claim. Wensch v. Principi, 15 Vet. App. 362, 368 (2001). 

Applicable Law

The United States, through VA, provides life insurance for those who have other than dishonorable active duty military service and a resulting compensable disability, if they would otherwise be insurable but for the disability. This insurance is granted under the same terms and conditions as standard policies of National Service Life Insurance with the exception of calculation of premiums and benefits. For insurance issued under this section, waiver of premiums shall not be denied on the grounds that the service-connected disability became total before the effective date of such insurance. 38 U.S.C.A. § 1922(a).

Payment of premiums on insurance may be waived when the insured is totally disabled for six or more consecutive months. Such a waiver is allowed where the total disability began after the date of the insured's application for insurance, but while the insurance was in force under conditions which required the payment of premiums, and before the insured's 65th birthday. 38 U.S.C.A. § 1912(a).

Facts and Analysis

The Veteran had service during the Vietnam War and as a result suffered for many years with PTSD. He stated that his primary method for coping with his symptoms was to remain constantly busy, especially with work, to include volunteering for extra duties and remaining in the work force past the date of eligibility for retirement. He turned in 65 in October 2009, but continued working until an on-the-job injury in September 2011 and resulting surgery necessitated his retirement in May 2012.

The Veteran filed for service connection for multiple disabilities, including PTSD and diabetes mellitus type II, on October 31, 2008. A rating decision issued in June 2012, awarded a 100 percent disability rating for PTSD, effective as of the date of claim, October 31, 2008.

In July 2012, the Veteran filed an application for Service-Disabled Veterans Insurance (RH) and asked that the premiums be waived based on his award of 100 percent (or total disability). Entitlement to a waiver of premiums was denied and the Veteran then appealed, but also proceeded to cancel this insurance unless and until his premiums were waived.

In the decision denying waiver of premiums, VA explained to the Veteran that the requirements for a waiver included the presence of a total disability which was continuous and had existed prior to his 65th birthday. The explanation defined total disability as "any impairment of mind or body which continuously prevents the insured from engaging in a substantially gainful occupation."

The Veteran appealed the denial of waiver of premiums, noting that his 100 percent disability rating should be considered the same as a total disability. The assigned effective date of the 100 percent disability rating was October 2008, nearly one year prior to the Veteran's 65th birthday. The Veteran asserted that whether or not he was gainfully employed should not control whether he was considered totally disabled and therefore eligible for waiver of premiums.

Despite the explanation provided previously, particularly in the Statement of the Case, the fact that the Veteran continued working after his 65th birthday and after the effective date of the 100 percent disability rating is not the determinative factor here. Rather, the key language of the statute is the requirement that his total disability began after the date of the insured's application for insurance. This requirement has not been met in this instance because the Veteran did not apply for insurance until after receiving the rating decision containing the award of a total or 100 disability rating for his PTSD. 

In short, the Veteran is not eligible for waiver of premiums for Service-Disabled Veterans Insurance (RH) because the legal requirements set forth in 38 U.S.C.A. § 1912(a) has not been met. Inasmuch as the bar to waiver is a matter of law, the benefit-of-the-doubt principle of 38 U.S.C.A. § 5107(b) does not apply here.


ORDER

Entitlement to waiver of premium for Service-Disabled Veterans Insurance (RH) is denied as a matter of law.



____________________________________________
Eric S. Leboff
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs